IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA MALVEAUX, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-0128-L | |
| § | | |
| BRICE, LINDEN, VANDER & WERNICK § | | |
| P.C., et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action.

Parties: Plaintiff is a resident of Duncanville, Texas. Defendants are Brice, Linden, Vander, & Wernick PC, Litton Loan Servicing, and Deutche Bank National Trust Company. No process has been issued in this case pending preliminary screening.

Statement of the Case: On January 25, 2010, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis* (IFP) to establish that she is unable to pay the $350.00 filing fee.

Findings and Conclusions: The statute authorizing the court to grant *in forma pauperis* status to an indigent litigant states that:

Subject to subsection (b), any court of the United States may authorize the

>commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*.  Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit.  *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.1988); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Plaintiff has failed to show that she is a person entitled to proceed without the payment of the $350 filing fee.   She is presently employed earning $3,420 per month.  During the last twelve months, Plaintiff received $42,320 from AT&T, and $8,000 from the Texas Attorney General.  Although she owns a home valued at $97,000, Plaintiff claims she has "no equity" because the home has depreciated.  She lists two dependents, a son and daughter, for which she is financially responsible for their support.  Absent additional information, the court concludes that Plaintiff is not a person who is unable to pay the $350.00 filing fee.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motion to proceed *in forma pauperis* (Doc. #3).

It is further recommended that the District Court dismiss this action unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (14) days of the date of filing of this recommendation.

Signed this 26th day of January, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.